[No. 8062.   Department Two.   June 25, 1909.]

THE STATE OF WASHINGTON, on the Relation of Northern Pacific Railway Company, Respondent, v. J. W. HUGHES, as Mayor of The Town of Sumas, Appellant.[1]

MUNICIPAL CORPORATIONS—ORDINANCES—ADOPTION—AMENDMENT—
FRANCHISES. Under Bal. Code, § 1010, prohibiting the passage of an ordinance granting any franchise within five days after its introduction, an amendment of a franchise ordinance on the day of its passage by the substitution of the name of a railroad company, its successors and assigns, as grantee, in place of a mill company, its successors and assigns, is not such a change in the subject-matter of the ordinance as to render it a new or different ordinance, the purpose of the franchise being to permit the hauling of cars from the mill to the railroad, and being for the joint benefit of both companies.

[1]Reported in 102 Pac. 758.

Appeal from a judgment of the superior court for What-com county, Kellogg, J., entered January 11, 1909, direct-ing the issuance of a writ of mandamus to compel the sign-ing of a city ordinance, after a hearing before the court. Affirmed.

*White & Peringer*, for appellant.

*Carroll B. Graves* and *James Kiefer*, for respondent.

PARKER, J.—The appellant is the mayor of the town of Sumas, which is a municipal corporation of the fourth class, in Whatcom county. Under the law of this state relating to such towns, the mayors thereof do not possess any veto power as to ordinances passed by the town council; but upon the lawful passage of ordinances by the council, it becomes the duty of the mayor to sign the same. Bal. Code, § 1012 (P. C. § 3525). And it is also provided by such law:

"No ordinance and no resolution granting any franchise for any purpose shall be passed by the council on the day of its introduction, nor within five days thereafter, nor at any other than a regular meeting." Bal. Code, § 1010 (P. C. § 3522).

On the 9th day of November, 1908, there was introduced at a regular meeting of the town council an ordinance en-titled:

"An ordinance granting unto the American Lumber Com-pany, a corporation, its successors and assigns, the right to grade, lay ties, and rails, operate and use a railway spur over, upon and across certain streets in the Town of Sumas, Whatcom County, Washington, for the purpose of hauling freight to and from its mill on the Sumas river to the North-ern Pacific Railway."

Thereafter, on the 23d day of November, 1908, at a reg-ular meeting of the town council, such ordinance, before being placed upon final passage, was amended by the council, the principal amendment so made being to change the name of the grantee from "American Lumber Company, a corporation,

its successors and assigns," to "Northern Pacific Railroad
Company, a corporation, its successors and assigns;" and,
as so amended, said ordinance was placed upon final passage
and passed by the unanimous vote of all the members of the
council.   The appellant mayor then refused to sign the same,
upon the ground that it had not been lawfully passed by the
council.   Thereupon the relator, Northern Pacific Railway
Company, having a beneficial interest therein, commenced this
action in the superior court of Whatcom county, praying
for a writ of mandate against appellant requiring him to
sign said ordinance.   A hearing being had before the court
where the foregoing facts appeared, the court rendered its
judgment against appellant, directing a peremptory writ of
mandate to issue commanding him, as mayor of the town of
Sumas, to forthwith affix his signature to said ordinance;
from which judgment this appeal is prosecuted.

It is contended by learned counsel for the appellant that
the ordinance was not lawfully passed by the council, in that
it was so amended at the second meeting, at which it was
passed, as to render it in substance a different ordinance from
the one introduced at the previous meeting, and hence was in
violation of § 1010 above quoted.

It has been held by this court, under a provision in the
same words relating to cities of the third class (Bal. Code,
§ 936; P. C. § 3487), that the power of amendment, at the
second meeting, is not thereby withheld from the council.   In
the case of *Vancouver v. Wintler*, 8 Wash. 378, 380, 36 Pac.
278, 685, discussing an amendment which had been made by
substitution of a new ordinance at the second meeting, this
court said:

"It is a well-known practice of legislative bodies to pro-
ceed in this manner, and so long as the substitute is clearly
within the limits of the subject-matter of the original prop-
osition, we see no reason why municipal councils should not
proceed in the same way."

So the question presented here is whether or not this amendment is within the limits of the subject-matter of the original proposition. We think it is. It appears by the minutes of the council here in evidence that this franchise was asked for by the American Lumber Company and, notwithstanding it was finally formally granted to the Northern Pacific Railroad Company, it is still apparent from the record that it was in the interest of the lumber company as well as the railroad company. The purpose of the amended ordinance was identical with that of the ordinance as originally introduced. As stated in the ordinance, both as introduced and as amended, it was "for the purpose of hauling lumber and timber to and from the mill of the American Lumber Company on the Sumas river to the Northern Pacific railroad." It will also be noticed that the franchise is granted to the railroad company, its successors and assigns, just as it was originally proposed to be granted to the lumber company, its successors and assigns, and there does not appear in the body of the ordinance, as introduced or as finally passed, any restrictions whatever against the assignment of the franchise by the grantee. Thus, it is evident to us that the change in the name of the grantee was in no event such a change in the subject-matter of the ordinance as to render it in substance a new or different ordinance from that which was originally introduced at the previous meeting. Other amendments made at the second meeting were of less consequence than this, and therefore need not be noticed.

We are of the opinion that the judgment of the superior court granting the writ should be affirmed, and it is so ordered.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.