[No. 12968.   Department One.   April 4, 1916.]

THE STATE OF WASHINGTON, *on the Relation of The Town of Bothell, Appellant,* v. S. F. WOODY, *Respondent.*[1]

MUNICIPAL CORPORATIONS—ORDINANCES—VALIDITY—DUTY OF MAYOR — SIGNING ORDINANCES — STATUTES.   An ordinance requiring the mayor of the town to sign all ordinances "immediately," and to perform such other duties as may be established by the ordinances of the town, is void as an attempted amendment of the statutes, Rem. & Bal. Code, § 7742, and 3 Id., § 7721, defining the duties of the mayor, under which it is held that it is his duty to sign valid ordinances, and also requiring him to perform such duties as may be established by statute.

MANDAMUS — TO OFFICERS — MINISTERIAL ACTS — USELESS ACTS. While the duty of mayors of towns to sign ordinances is ministerial, mandamus does not lie to compel a mayor to sign an invalid ordinance, as the writ does not issue to require an officer to do a vain and useless thing.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 14, 1915, denying an application for a writ of mandamus to compel a mayor to sign an ordinance, upon overruling a demurrer to the answer. Affirmed.

*Chas. M. Fouts* and *Milo A. Root,* for appellant.

*John W. Roberts* and *George L. Spirk,* for respondent.

MOUNT, J.—The only question in this case is whether a mayor of a town of the fourth class may be compelled by mandamus to sign an ordinance passed by the town council. The town council of the town of Bothell, a town of the fourth class, passed an ordinance as follows:

"An ordinance establishing the power of mayor of the town of Bothell, and repealing ordinances in conflict herewith.

"Be it ordained by the council of the town of Bothell:

"That the mayor thereof shall preside at all meetings of the council of said town of Bothell; that said Mayor shall appoint a marshal, police judge and clerk for said town of

[1]Reported in 156 Pac. 534.

Bothell; shall immediately upon presentation sign all ordinances passed by said council, and perform such other duties as may be established by the statutes of the state of Washington or by ordinance of said town of Bothell; shall be the judge on all points of order; provided, however, any member of said council may at any time appeal from the ruling of said mayor, and if sustained by a majority of the council of said town of Bothell, he shall be allowed to proceed; that the mayor shall have neither veto or voting power; and each and every ordinance heretofore enacted in conflict herewith is hereby repealed." Ordinance No. 59.

The mayor of the town refused to sign this ordinance, and this action in mandamus was brought to compel him to do so. The trial court denied the writ upon the ground that the ordinance was invalid, and this appeal followed.

The statute, at Rem. & Bal. Code, § 7742 (P. C. 77 § 409), provides:

"The mayor shall preside over all meetings of the council at which he is present. In his absence, a mayor *pro tempore* may be chosen. The mayor, and in his absence the mayor *pro tempore*, shall sign all warrants drawn on the treasurer, and shall sign all written contracts entered into by said town as such mayor or mayor *pro tempore*. The authority and power of the mayor *pro tempore* shall continue only during the day on which he is chosen. The mayor and mayor *pro tempore* shall have power to administer oaths and affirmations, and take affidavits, and testify (certify) the same under their hands. The mayor or mayor *pro tempore* shall sign all conveyances made by said town, and all instruments which shall require the seal of the town. The mayor is authorized to acknowledge the execution of all instruments executed by said town that require to be acknowledged."

The Laws of 1911, p. 111 (3 Rem. & Bal. Code, § 7721), provide other duties for the mayor.

The statute, at Rem. & Bal. Code, § 7731 (P. C. 77 § 389), provides that the council in towns of the fourth class shall have power:

"(1) To pass ordinances not in conflict with the constitution and laws of this state, or of the United States; . . .

"(17)    To make all such ordinances, by-laws, rules, regu-
lations and resolutions not inconsistent with the constitution
and laws of the state of Washington, as may be deemed ex-
pedient to maintain the peace, good government and welfare
of the town and its trade, commerce and manufactures, and
to do and perform any and all other acts and things necessary
or proper to carry out the provisions of this chapter."

It is contended by the appellant that it is the duty of the
mayor to sign this ordinance, and that he has no discretion
in the matter.    This court held in *State ex rel. Prosser Falls
Land & Irr. Co. v. Taylor*, 36 Wash. 607, 79 Pac. 286, that
the duty of the mayor is ministerial in regard to signing or-
dinances, and that he may be compelled to sign ordinances
by a writ of mandate.    And in *State ex rel. Northern Pac. R.
Co. v. Hughes*, 53 Wash. 651, 102 Pac. 758, we said:

"The appellant is the mayor of the town of Sumas, which is
a municipal corporation of the fourth class, in Whatcom
county.    Under the law of this state relating to such towns,
the mayors thereof do not possess any veto power as to ordi-
nances passed by the town council; but upon the lawful
passage of ordinances by the council, it becomes the duty of
the mayor to sign the same."

It is no doubt the rule with reference to valid ordinances
which the town council has the right to pass; but this court
has not held, and we think no court has held, that the mayor
is required to sign an invalid ordinance.

The ordinance above quoted is an attempted amendment of
the statute.    The statute defining the duties of the mayor, as
we have seen above, provides that the mayor shall preside at
all meetings of the council at which he is present.    This ordi-
nance requires that the mayor shall preside at all meetings
of the council.    This court has held in the two cases above
cited that it is the duty of the mayor to sign valid ordinances
passed by the council.    This ordinance attempts to require
the mayor to sign the same immediately.    This ordinance also
requires the mayor to perform such other duties as may be es-
tablished by the statutes of the state of Washington, *or by*

*ordinances of said town of Bothell.* The statute does not require the mayor to perform duties which may be established by ordinance.

It is probably correct to say that the town council may establish a duty which the mayor may be required to perform; but the town council is not authorized to say that the mayor shall perform all, or such other duties, as may be established by ordinance of the town of Bothell. We think it is plain, from a consideration of this ordinance, that it attempts to amend the statute in regard to the duties of mayor. The duties of mayors of towns of the fourth class are defined by statute, and the town councils of such towns clearly are not authorized to amend such statutes by adding to or taking from the duties therein provided for. This ordinance either attempts to change the statute, or it gives no power or authority to the mayor which he does not already have under the terms of the statute of this state. If it attempts to change his duties, it is void, because the town council has no right to pass an ordinance in conflict with the laws of the state; and if it does not change his duties, then it adds nothing to the statute and is useless; and to require the mayor to sign it would be a vain thing. The writ of mandate will not issue requiring an officer to do a vain or useless act.

We think the trial court was clearly right, and the judgment is therefore affirmed.

MORRIS, C. J., CHADWICK, ELLIS, and FULLERTON, JJ., concur.