[No. 17632.    Department Two.    October 18, 1922.]

THE STATE OF WASHINGTON, *on the Relation of D. E. Ferguson, as County Auditor of King County, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Otis W. Brinker, Judge, Respondent.*[1]

ELECTIONS (27)—NOMINATIONS—DETERMINATION BY PUBLIC OFFICERS. The duties of the county auditor, upon receiving the nomination of an alleged political party to a county office, are not so far ministerial as to require the filing of the same regardless of whether any such political party exists; but he may inquire into the existence thereof and refuse the filing, if in fact it was a sham and subterfuge.

SAME (20)—NOMINATIONS BY POLITICAL PARTIES—ELECTORS OF DISTRICT. Rem. Comp. Stat., § 4043, expressly requires a nomination for the office of county commissioner to be made by the qualified electors of the district from which he is elected, and not by the electors of the whole county.

TOLMAN, J., dissents.

Certiorari to review a judgment of the superior court for King county, Brinker, J., granting a peremptory writ of mandamus requiring the printing of a candidate's name upon the general election ballots. Reversed.

*Arthur Schramm* and *Malcolm Douglas,* for relator.
*Henry Clay Agnew,* for respondent.

PARKER, C. J.—This is a certiorari proceeding wherein the relator county auditor seeks review and reversal of a judgment of the superior court for King county awarding a peremptory writ of mandamus requiring him to cause to be printed, upon the ballots for the

[1]Reported in 210 Pac. 15.

election to be held on November 7, of this year, the name of August Toellner as a candidate of a so-called "independent party" for the office of county commissioner for the second district of King county. The return and answer of the judge of the superior court in response to the writ of certiorari issued out of this court shows the following facts:

The allegations of the prayer of the petition filed in the superior court, seeking the writ of mandamus awarded by the court, are as follows:

"August Toellner, on oath, now by this his petition shows the Judges of this Honorable Court:

"(1)   That he is a resident and citizen of the second commissioner district of King county.

"(2)   That at an organized assemblage of electors representing the Independent Party, held in said district on the primary day, September 12, 1922, for the purpose of nominating the candidates of said party for office, subject to the election of November 7, 1922, affiant was nominated as the candidate of said Party for the office of county commissioner for said district.

"(3)   That within the time fixed by law, a certificate of such nomination was filed by relator with the respondent as clerk of the board of county commissioners, a true copy of which certificate is attached hereto and made a part hereof.

"(4)   That although relator has paid his fee for filing of said certificate of nomination and is in all respects qualified for said office, respondent refuses to file or print relator's name on the regular election ballot.

"Wherefore relator prays for a writ of mandamus to compel the filing and printing of respondent's [relator's] name on the general election ballot for the office of county commissioner for the second district of King county, Wash., as the candidate of the Independent Party."

The certificate referred to and made part of this petition reads as follows:

"Seattle, Wash.,
"October 2, 1922.

"CERTIFICATE OF NOMINATION.

"To D. E. Ferguson, Esq., King County,
   "Auditor and ex-officio clerk of the board of
      county commissioners:

"This is to Certify: That at an organized assemblage of electors of the second county commissioner district of King county, Washington, representing the INDEPENDENT PARTY, whose principles are clean business, law and order, called to nominate candidates for office of the party, held on the 12th day of Sept., 1922, in said District, August Toellner was nominated as the candidate of the Independent Party for the office of county commissioner for the second district of King county, Wash. August Toellner is a farmer by occupation, residing at Duwamish. His Post Office address is, R. F. D. 5, Box 8, Seattle, Wash.

"WM. S. ALLBRIGHT,
   "Secretary of convention.
"August Toellner, Presiding Officer of Convention."

The county auditor responded in the superior court to this petition as follows:

"Comes now the respondent above-named and makes return to the petition for a writ of mandate as follows:

"I.  Referring to paragraph 2 of said petition, respondent denies that there now exists or ever has existed in King county or in the state of Washington, or in any part thereof, a recognized or regularly organized political party known as the Independent Party; denies that an organized assemblage of electors of the second commissioner district of King county, Washington, representing the Independent Party was held on the 12th day of September, 1922, for the purpose of nominating candidates, and denies that the relator above-named has been regularly nominated as the candidate of said party for the office of county commissioner for the second district.

"II.  Further replying to said petition, respondent alleges: that the so-called convention or organ-

ized assemblage of electors mentioned in said peti-
tion, together with the certificate of nomination of re-
lator, were and are a subterfuge and a sham; that no
such party as the Independent Party exists or ever has
existed in any part of King county or the state of
Washington; that no such convention or organized
assemblage as is mentioned in said petition was ever
held by said alleged party; that no notice of said con-
vention was ever given, nor were the electors of said
district who were in sympathy with said party or the
principles it claims to represent in any way given an
opportunity to be present at said convention and par-
ticipate in the selection of the party nominees; that no
other certificate of nomination has been filed or at-
tempted to be filed by said alleged convention in the
office of the county auditor of King county.

"Wherefore, having fully answered said petition,
this respondent prays that said petition be dismissed
and the writ of mandamus denied."

Thereafter the superior court finally disposed of the
cause by the issuance of a writ of mandamus directed
to the county auditor which is in effect its judgment
here on review as follows:

"Whereas, it appears to the Court that relator here-
in has filed with respondent a certificate of nomination
for the office of county commissioner, in form as set
forth in a copy of the same attached to the relator's
petition; and it appearing that respondent, by his
return, seeks as a defense to interpose affirmative mat-
ter alleging the nominating convention out of which
said certificate was issued to have been irregular, and
alleging other various objections to said convention,
none of which are shown on the face of said certificate;
and it appearing to the court that respondent is a min-
isterial officer and as such it is his duty to file any
certificate of nomination which on its face complies
with the law, unless restrained by some independent
action brought by a citizen, some other candidate, or
any proper party in interest;

"Now, therefore, you are hereby commanded to
print the name of relator on the ballot for the election

to be held November 7, 1922, for the office and as a candidate for the party, as designated in the certificate on file with you.''

This record of the case, so made in the superior court, renders it plain that the allegations of the answer of the county auditor filed in that court in response to the petition for the writ of mandamus were held by that court to present no defense or issuable facts which he as such auditor was entitled to make or present as reasons in law why he should not be required to print Toellner's name on the election ballots. We cannot concur in the view of the trial judge that the duties of the county auditor in connection with the receiving and filing of certificates of nomination are so purely ministerial that he has no authority to inquire into the genuineness of a nominating certificate offered to him for filing, or inquire into the question of whether or not there is in existence any such political party in the county or state as is named in such certificate of nomination tendered to him for filing looking to the printing of the name of a candidate of such party upon the general election ballots. Our decision in *State ex rel. Chealander v. Carroll,* 57 Wash. 202, 106 Pac. 748, we think clearly negatives any such view of the law. The substance of our decision in that case is well stated in the first head note thereto reading as follows:

''Under a charter limiting the right to file declarations of candidacy to those persons 'who shall be eligible' for the office sought, the city comptroller has power to inquire into the eligibility of candidates and refuse to certify the same if ineligible, although no statute or charter provision expressly authorizes such inquiry.''

That case involved an inquiry by the city comptroller as to the eligibility to the office in question of a

candidate sought to be named therefor.   In the course
of the opinion it is said:

> "It is true there is no statute or charter provision
> of the city of Seattle directing and authorizing the city
> comptroller to inquire into the eligibility of candidates
> for office who file the statutory declaration with him,
> and he would perhaps be guilty of no dereliction of
> duty if he directed the printing of the names of all such
> persons on the ballot, but we do not think it follows
> therefrom that he is precluded from making the in-
> quiry in all cases.   The primary law by express terms
> limits the right to file declarations of candidacy to
> those persons only 'who shall be eligible' to the office
> sought.   This, while it may not require inquiry on the
> comptroller's part into the eligibility of candidates,
> plainly suggests such inquiry, and, when it is remem-
> bered that the comptroller has duties to perform in re-
> lation to the expenditure of public moneys, indicates
> that the comptroller has sufficient discretion to compel
> a candidate whose eligibility is doubtful to resort to
> his proofs.   The argument that this puts too much
> power into the hands of a ministerial officer is not con-
> clusive.   True, the power may be abused by that officer,
> but so may the filing of declarations of candidacy be
> abused."

The same reasoning that supports the power of the
comptroller in that case to inquire into the eligibility
of the person to the office in question we think supports
the power of the county auditor in this case to inquire
into the question of whether or not there is any such
political party in existence in King county or the state
of Washington as the "independent party" named in
the certificate here in question by which it is sought to
make Toellner the candidate of such party for county
commissioner.   If the county auditor's allegations of
fact in his answer to the petition for the writ of man-
damus are true, we think it plain, under the decision
in the *Chealander* case, that it was his duty to refuse

Toellner's name to be printed upon the election ballots. If this be not the law, then any person who may be able to get one other person besides himself to join with him in signing such certificate may procure the printing of his or any other person's name upon the election ballot as a candidate for office by a mere signing of such a certificate as president and secretary of a purported nominating convention. We are of the opinion that the issues of fact raised by Toellner's petition and the county auditor's answer thereto should have been tried out before the rendering of final judgment by the superior court.

Some contention is made in behalf of the county auditor that the certificate of nomination is ineffectual and void because it purports upon its face to evidence only the nomination as being made by an organized assemblage of electors of the commissioner district rather than an organized assemblage of electors of the whole county. This contention seems to be rested upon the theory that, because every qualified elector of the county has a vote upon the final election of all the commissioners (Rem. Comp. Stat., § 4042), the qualified electors of the whole county, in so far as they are members of the party, should have a voice in the nomination of such party's candidate for county commissioner. This contention is answered, however, by Rem. Comp. Stat., § 4043, providing that:

"The qualified electors of each county commissioner district, and they only, shall nominate from among their own number, candidates for the office of county commissioner of such commissioner district to be voted for at the following general biennial election."

We deem it appropriate that we make these observations touching this contention of the county auditor to the end that the trial court be advised of our holding

upon this question in the event that the issues of fact above noticed be determined against the county auditor.

The judgment of the trial court is reversed, and the cause remanded to that court for further proceedings in harmony with the views herein expressed.

The clerk of this court is directed to immediately send remittitur to the trial court.

FULLERTON, MAIN, and HOVEY, JJ., concur.

TOLMAN, J., dissents.