[No. 17620.    Department Two.    December 6, 1922.]

THE STATE OF WASHINGTON, *on the Relation of William T. Ryan, Plaintiff*, v. F. S. COYNE *et al., Respondents.*[1]

AGRICULTURE (7)—INSPECTION (5)—LIENS FOR FEES—PROCEEDINGS. Under Rem. Comp. Stat., §§ 2847, 2849, 2852, plainly conferring upon the county commissioners the function of determining the validity of claims for liens for the cost of inspecting and disinfecting orchards, the inspection officers cannot refuse to file liens on the ground they were void because of failure to give notice, that the work was not done by the claimant, and that the owner had disinfected his orchard, all of which were questions of fact outside their province.

Application filed in the supreme court October 4, 1922, for a writ of mandamus to require the horticultural inspector to file liens for inspection fees. Granted.

*Charles T. Hickey,* for relator.

*Malcolm Douglas* and *Arthur Schramm, Jr.,* for respondents.

MAIN, J.—This is an original application in this court for a writ of mandamus.

[1]Reported in 210 Pac. 799.

The respondent J. C. Eakle is the duly appointed and acting district horticultural inspector of the state department of agriculture for the district which includes the city of Seattle. The other respondent, J. C. Coyne, is the duly appointed and acting special deputy inspector for the same district. During the months of May, June, and July of the year 1922, the respondents and one J. B. Clark, who was then also a deputy inspector, caused certain property within the city of Seattle to be disinfected as provided by law. For the purpose of doing this work, the relator, William T. Ryan, and another were employed. The work was done, or a part of it, under the supervision of Deputy Inspector Clark, who, before it was completed, severed his connection with the department; and thereafter all work commenced by him was taken over by Deputy Inspector Coyne under the direction of the District Horticultural Inspector Eakle. After the work was completed, Coyne refused to file lien claims upon certain of the property which had been disinfected.

This action is brought for the purpose of compelling the filing of such claims. It involves the construction of certain sections of Title No. XVI, vol. 2, Rem. Comp. Stat., 1922, which creates and defines the powers of the department of agriculture. Section 2847, Rem. Comp. Stat., authorizes inspectors to enter upon property for the purpose of making an inspection. Section 2849, among other things, provides that, in case the owner of any property required to be disinfected shall fail or neglect to comply with the notice given him within the time specified, the officer giving the notice shall have the right, at the cost and expense of the owner, to disinfect the property, and the cost and expense thereof shall be ''a lien upon the premises or personal property so disinfected, which lien may be enforced by the methods hereinafter provided.''

Section 2852, provides the method by which the cost of disinfection, when not done by the owner, may be recovered. The officer disinfecting is required to make and keep a full and detailed record of all the acts done by him stating the legal description of the premises upon which property disinfected was growing, the name of the owner or the reputed owner, the date of the inspection and some other details. It is further provided that, in case the cost and expense are not paid within the time limit fixed by the statute after the completion of the work, the officer making the record shall make and file with the county auditor of the county where the premises are situated two verified copies of the record of his acts with reference to such premises and the charge against the same, and "shall also file a claim of lien against said premises for the amount of such charges and expenses, which said claim shall refer to said record." The statute then provides for a hearing before the board of county commissioners, and defines the procedure with reference thereto. In case the amount of the claim, together with the costs, is not paid before the time of the hearing before the commissioners, the county auditor is required to present to them the claim and record and the board, when it proceeds with the hearing, "shall, if offered, hear sworn testimony concerning the matter set forth in said record and claim."

The respondents say, in their return, that the lien claims were not filed because they were void for one of the following reasons: (a) That there had been no service of notice to disinfect, as required by law, on the owner or reputed owner of the property; (b) That the work was not done by the relator as claimed; and (c) That the work of disinfecting had been done by the owner of the property.

The position of the respondents with reference to the claims presents questions of fact. It does not clearly appear upon the face of the record that the claims, or any of them, were such as the relator was not entitled to. By refusing to file the claims, the respondents assumed the function of determining their validity, which function the law confers upon the board of county commissioners, as plainly appears from the reading of the statute, brief excerpts from which are set out above. The law provides a method of procedure to determine the questions which the respondents assume to determine. The first step in this procedure is the filing of the claims and the record kept by the disinfecting officers; and, if these are not filed, there does not appear to be any way by which the claimant can get a hearing before the board of county commissioners to which the statute gives him the right. It is true that, in many cases, this court has held that an officer will not be required to do a void or illegal act; but in those cases the illegality of the acts sought to be compelled appeared upon the face of the record as it was presented to this court and did not require the determination of any question of fact.

The recent case of *State ex rel. Ferguson v. Superior Court,* 121 Wash. 588, 210 Pac. 15, has no relation to the question here presented, as the statute being construed in that case was entirely different.

The writ will issue.

PARKER, C. J., FULLERTON, TOLMAN, and HOVEY, JJ., concur.