[No. 22193. Department Two. December 23, 1929.]

THE STATE OF WASHINGTON, *on the Relation of George Brown, Plaintiff,* v. ERLE J. BARNES *et al., Respondents.*[1]

*Dykeman, Monheimer & Griffin,* for relators.

*The Attorney General* and *E. W. Anderson, Assistant,* for respondents.

[1]Reported in 283 Pac. 191.

FRENCH, J.—This is an application for a writ of mandate to compel the director of agriculture to file liens with the auditor of King county. The proceedings arise under the provisions of Rem. Comp. Stat., §§ 2839 to 2874, inclusive, and particularly under § 2852.

The facts, which are not in dispute, show that one F. S. Coyne was, until recently, in charge of the earwig control work in King county, being commissioned as a special horticultural inspector. He caused certain premises to be disinfected by placing earwig bait thereon, the actual work being done by the relator. The records of this disinfection were made, liens were prepared, and the charges not being paid by the owners of the property within five days after the completion of the work, this application was made by relator to compel the department to file the claims of lien as provided in Rem. Comp. Stat., § 2852. It is conceded that the law relative to this matter has been settled by the case of *State ex rel. Ryan v. Coyne*, 122 Wash. 462, 210 Pac. 799; the one question in this case being the sufficiency of the notice, it being claimed by respondent that the notice is so incomplete upon its face as to be void. The statute provides:

"The officer disinfecting any premises or property growing upon any premises or causing the same to be disinfected as in this act provided shall make and keep a full and detailed record of all acts done by him with reference to such property or premises, stating the legal description of the premises on which property disinfected was growing, the name of the owner or reputed owner, the date of inspection, the facts found upon inspection, the date and manner of giving of notice to disinfect, the failure of the owner or person in charge to disinfect, the disinfection by or under the direction of the officer, and the cost and expense thereof in detail, which record shall be signed by the

officer making the same. In case the cost and expense of disinfecting any premises, or the property growing thereon, are not paid within five days after the completion of the work of disinfecting, the officer making such record shall make and file with the county auditor of the county where such premises are situated two verified copies of the records of his acts with reference to such premises and the charge against the same, and shall also file a claim of lien against said premises for the amount of such charges and expenses, which said claim shall refer to said record. Upon the filing of such verified record and claim of lien the county auditor shall record the said claim of lien as other lien claims are recorded. The county auditor shall also, at the time when said record and claim are filed, forthwith issue proper warrants in payment for labor of men employed in the work and fix a day for a hearing upon the report before the board of county commissioners, which date shall not be less than twenty days from the date of said filing and shall prepare a notice of the filing of such record and claim and of the date of hearing upon the same and in all proceedings the county shall be deemed substituted to all the rights of laborers paid as herein provided. Said notice shall be directed to the owner, or reputed owner, and shall give notice of the filing of said record and claim and of the amount thereof and shall also give notice of the time and place when and where the board of county commissioners will hear and determine the same. The county auditor shall deliver said notice, together with a copy thereof, to the sheriff of the county in which said claim is filed and the sheriff shall make service thereof in like manner and with like effect as herein provided for the service of notice to disinfect and shall make return of such service upon the original notice and file the same with the county auditor before the time of hearing of the same, and he shall also certify with said return the amount of his fees for such service, which shall be the same as is provided for service of summons in civil proceedings. In case the amount of said claim, together with the amount of sheriff's fees

and auditor's fees, which shall be the same as is charged for the filing and recording of other liens, is paid to the county treasurer on or before the date of said hearing before said board of county commissioners, the auditor shall, upon the presentation to him of a duplicate receipt of said treasurer for the amount above specified, cancel the said lien in the records of his office and notify the board of county commissioners of his action in the premises.''

The notices filed in this case admittedly contain the name of the owner, the address, the legal description of the property disinfected, show the date when the property was first inspected, who inspected the property, the fact that the property was found to be infested with earwigs, show due and proper service of a notice on the owner, show the date of re-inspection, the name of the person who inspected the property, and then show ''date of disinfection by baiting,'' and ''the cost of baiting; Reasonable and agreed charge made by George Brown.'' It is claimed that this is not a sufficient compliance with the statute, particularly that portion thereof requiring that notices shall show ''the cost and expense thereof in detail.'' It is admitted that in all other matters the notice is sufficient and proper. But these notices show that the claim is made for earwig baiting. We think a fair reading of the notice can mean but one thing, namely, that, after inspecting the property and finding that it was infested with earwigs, and after due and proper notice was given to the owner thereof, earwig bait was placed on the property in question, and that the reasonable cost of placing earwig bait upon the property in question amounted to the various sums set forth in the notice, being generally seventy-five cents a lot. We think this is a substantial compliance with the statute, particularly when it is remembered that one is given the right to appear before the board of county commis-

sioners and dispute any question of fact set forth in the notice.

Before the respondent can refuse to file the claims, it must affirmatively appear from the face of the record that the claims are such that the relator is not entitled to receive the amount thereof. There is a fact-finding body provided for in this statute, namely, the board of county commissioners, who are entitled to make their findings of fact on these questions, and before the court can say, as a matter of law, that these claims are void, the facts must be determined as to whether the earwig bait was placed on the lot in question, together with all other facts set forth in the claim. Oftentimes, under the provisions of this act, it may be necessary for the officer disinfecting the property to perform a vast amount of labor and do many kinds of work, and in such instances undoubtedly this work should be described in detail, but this notice shows that the disinfection was by baiting city lots, and it shows the reasonable cost of the baiting. This we hold to be a sufficient compliance with the statute in so far as this part of the notice is concerned.

On the authority of *State ex rel. Ryan v. Coyne, supra,* the writ will issue.

MITCHELL, C. J., HOLCOMB, FULLERTON, and MAIN, JJ., concur.