[No. 29875-2-III.   Division Three.   February 23, 2012.]

CINDY ZAPOTOCKY, *as Chairman of the Spokane Republican Party, Appellant*, v. VICKY M. DALTON, *as Spokane County Auditor, Respondent*.

*Stephen W. Pidgeon*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Dan L. Catt, Deputy*, for respondent.

¶1 BROWN, J. — Cindy Zapotocky appeals the trial court's summary dismissal of her application for writ of mandate seeking to compel Vicky Dalton, Spokane County auditor, to recount selected ballots in the November 2, 2010, general election. She contends the trial court erred in concluding (1) Ms. Dalton had no clear, legal duty to recount the ballots in the manner requested; (2) Ms. Dalton's duty to recount involved discretion on her part; (3) Ms. Zapotocky had another plain, speedy remedy at law; and (4) at the time she filed for the writ of mandamus, Ms. Zapotocky was no longer a beneficially interested party. We reject Ms. Zapotocky's contentions and affirm.

## BACKGROUND AND PROCEDURAL FACTS

¶2 Generally, the county auditor, the county prosecuting attorney, and the county legislative body chair comprise the county canvassing board members. RCW 29A.60.140. The Spokane County auditor, Ms. Dalton, designates an alternative canvassing board representative in her place when the auditor contest appears on the ballot, as in the 2010 general election. During the 2010 general election canvassing, Michael McLaughlin, Spokane County deputy auditor and elections manager, was Spokane County auditor's canvassing board designee. Spokane County conducts elections entirely "vote by mail," utilizing no direct recording devices.

¶3 On November 23, 2010, following canvassing of the 2010 general election, the canvassing board certified the election results. The Spokane County auditor's race official certified election results were 98,326 votes for Ms. Dalton and 76,731 votes for Leonard Christian, a 21,595 vote margin. The same day, Ms. Zapotocky submitted a "request for a hand recount" of a portion of votes cast in the auditor's

race, with a deposit. Clerk's Papers (CP) at 19. The request sought a hand recount of votes by batch. Ms. Zapotocky was then the chair of the Republican Party of Spokane County.

¶4 On November 24, 2010, Ms. Dalton denied Ms. Zapotocky's request in writing, explaining a recount could not be conducted in the manner requested. Specifically, "a recount requires the canvassing board to certify an amended abstract of votes showing the votes cast in each precinct. Therefore, any recount must generate amended totals for each individual precinct. Because your request is based on batches, the precinct totals cannot be properly identified or generated to be amended." CP at 20. It notified Ms. Zapotocky that she could refile her request for a recount and that she "should specify which precincts you want recounted." *Id.*

¶5 On November 30, 2010, Ms. Zapotocky submitted a revised request for a hand recount. The revised request sought a recount by batch. Under separate cover, Ms. Zapotocky explained how she wanted the recount conducted. The same day, Ms. Dalton again denied Ms. Zapotocky's request, reiterating a recount could not be conducted in the fashion requested.

¶6 On December 7, 2010, the executive board of the Spokane County Republican Party central committee met in formal session and voted not to support legal action to enforce Ms. Zapotocky's recount request. On December 9, Ms. Zapotocky signed an affidavit in support of the application for an alternative writ of mandate, as chair of the Spokane County Republican Party. On December 11, the Spokane County Republican Party central committee met and elected Matthew Pederson as chair of the Spokane County Republican Party, replacing Ms. Zapotocky.

¶7 On December 20, Ms. Zapotocky sued for an alternative writ of mandate and requested the court compel Ms. Dalton to conduct a recount under RCW 29A.64.011 and WAC 434-264-070. On December 27, Ms. Dalton answered and listed affirmative defenses. On December 29, the court

conducted a telephonic hearing concerning Ms. Zapotocky's application for alternative writ of mandate. The court denied the application and set a case schedule providing an amended affidavit by Ms. Zapotocky, filed on January 5 with exhibits.

¶8 On February 17, Ms. Dalton moved for summary judgment, supported by affidavits. Ms. Zapotocky responded. At the April 20, 2011, argument, the court ruled Ms. Dalton had no clear, legal duty to recount the ballots in the manner requested because it would be impossible to complete the statutory recount process in the requested manner. Further, the court ruled Ms. Dalton's decision to group ballots in batches was discretionary. The court concluded Ms. Zapotocky had a plain, speedy remedy at law. Lastly, the court ruled Ms. Zapotocky was no longer a beneficially interested party by the time she filed for the writ of mandamus. The court granted summary dismissal with prejudice. Ms. Zapotocky appealed.

## ANALYSIS

¶9 The issue is whether the trial court erred in summarily dismissing Ms. Zapotocky's application for alternative writ of mandate.

¶10 We review a trial court's summary judgment decision de novo, engaging in the same inquiry as the trial court. *Barker v. Advanced Silicon Materials, LLC*, 131 Wn. App. 616, 623, 128 P.3d 633 (2006). Summary judgment is proper if no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. CR 56(c). No material facts are in dispute here. Thus, we have a pure question of law concerning the applicability of chapter 29A.64 RCW, chapter 29A.68 RCW, and chapter 7.16 RCW. Statutory interpretation questions are reviewed de novo. *Beggs v. Dep't of Soc. & Health Servs.*, 171 Wn.2d 69, 75, 247 P.3d 421 (2011).

¶11 A writ of mandate is a constitutional and statutory cause of action provided for in chapter 7.16 RCW.

Mandamus is an extraordinary remedy to be used sparingly. *Burg v. City of Seattle*, 32 Wn. App. 286, 290, 647 P.2d 517 (1982). A court may issue a writ of mandamus "to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station." RCW 7.16.160. "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It must be issued upon affidavit on the application of the party beneficially interested." RCW 7.16.170. The essential elements for a writ to issue are (1) the party subject to the writ has a clear duty to act; (2) the applicant has no plain, speedy, and adequate remedy at law; and (3) the applicant is beneficially interested. *Eugster v. City of Spokane*, 118 Wn. App. 383, 403, 76 P.3d 741 (2003). The applicant bears the burden of proving all elements to justify mandamus. *Id.*

¶12 First, regarding clear legal duty, "[t]he determination of whether a statute specifies a duty that the person must perform is a question of law." *River Park Square, LLC v. Miggins*, 143 Wn.2d 68, 76, 17 P.3d 1178 (2001) (citing *State ex rel. Hodde v. Superior Court*, 40 Wn.2d 502, 517, 244 P.2d 668 (1952)). Ms. Zapotocky quotes *Quigley v. Phelps*, 74 Wash. 73, 75, 132 P. 738 (1913) for the rule that " '[t]he right to contest an election rest[s] solely upon, and is limited by, the provision of the statute relative thereto.' " Br. of Appellant at 21 (internal quotation marks omitted). She argues RCW 29A.64.030 and RCW 29A.64.041(1) create a clear legal duty for Ms. Dalton to conduct a recount as requested. We disagree.

¶13 "Recount" is defined as "the process of retabulating ballots and producing amended election returns based on that retabulation, even if the vote totals have not changed." RCW 29A.04.139. A recount is mandatory when the vote total between opponents is less than 1,000 votes and also less than one-fourth of one percent of the total number of votes cast for both candidates. RCW 29A.64.021. Even if a

mandatory recount is not triggered, "[a]n officer of a political party . . . may file a written application for a recount of the votes or a portion of the votes cast at that election for all candidates for election to that office." RCW 29A.64.011. At the time Ms. Zapotocky submitted her application for a recount, she was qualified under the statute because she was a political party officer.

¶14 RCW 29A.64.030 partly provides:

> The county canvassing board shall determine the date, time, and place or places at which the recount will be conducted. Not less than one day before the date of the recount, the county auditor shall notify the applicant or affected parties and, if the recount involves an office, to any person for whom votes were cast for that office of the date, time, and place of the recount. Each person entitled to receive notice of the recount may attend, witness the recount, and be accompanied by counsel.

¶15 RCW 29A.64.041(1) partly provides:

> At the time and place established for a recount, the canvassing board or its duly authorized representatives, in the presence of all witnesses who may be in attendance, shall open the sealed containers containing the ballots to be recounted, and shall recount the votes for the offices or issues for which the recount has been ordered.

¶16 Ms. Zapotocky argues the use of the word "shall" in these statutes by definition creates a duty to perform a recount. Br. of Appellant at 22. However, the language of both statutes presupposes a successful application for a recount. The word "shall" in RCW 29A.64.030 merely creates a duty to provide notice of the recount. Likewise, the word "shall" in RCW 29A.64.041(1) is used to describe the set procedural steps of a recount once it is established, not to establish it in the first place.

¶17 Ms. Dalton correctly argues she had no clear, legal duty to conduct the recount by batch as requested by Ms. Zapotocky because such a recount was discretionary. Mandamus may not be used to compel the performance of

acts or duties that call for the exercise of discretion on the part of public officers. *Burg*, 32 Wn. App. at 290-91. A discretionary act is one that requires the exercise of a basic policy evaluation, judgment, and expertise on the part of an officer or agency. *Id.* at 291. As Ms. Dalton contends, "an auditor's functions, though largely ministerial, does [sic] require some discretion to fulfill lawful duties." Br. of Resp't at 11 (citing RCW 29A.04.216; *State v. Superior Court*, 121 Wash. 588, 591, 210 P. 15 (1922)).

¶18 Ms. Zapotocky's application was for a manual recount, raising chapter 434-264 WAC. Former WAC 434-264-090 (2007) then required all ballots be sorted by precinct prior to beginning a manual recount. It continues, "[i]f a results report can be produced by batch, ballots may be sorted by batch." Former WAC 434-264-090. Likewise, WAC 434-264-110(1) suggests a recount can be done by precinct or by batch. "Each counting board shall be given the ballots one precinct or batch at a time." *Id.* WAC 434-262-015 provides that "[w]hen considering the validity or rejection of ballots, the canvassing board may review the ballots individually, in batches, or as part of a report of ballots presented to the board." Taken together, the administrative code suggests recounting ballots by batch is discretionary, but sorting by precinct is mandatory.

¶19 RCW 29A.60.170(3) is discretionary, providing that "[a] random check of the ballot counting equipment may be conducted upon mutual agreement of the political party observers or at the discretion of the county auditor" by precinct or by batch. And as Ms. Dalton suggests, RCW 29A.64.041(2) focuses not on batches but precincts, partly allowing withdrawal of a recount request: "At any time before the ballots from all of the precincts listed in the application for the recount have been recounted, the applicant may file with the board a written request to stop the recount."

¶20 More importantly, a recount requires the canvassing board to issue amended election returns by precinct. To

amend election returns, "[t]he county auditor shall prepare an amended abstract of the recounted ballots for the county canvassing board. The amended abstract shall include a revised cumulative summary, as well as the votes cast in each precinct for the office or measure that was recounted." WAC 434-264-130(1). "The county canvassing board shall certify the amended abstract that, for each precinct, displays the results of the office that has been recounted. The new abstract shall be included in the amended certified canvass report." WAC 434-264-130(4). The statute provides similar language. Upon completion of a recount, "the canvassing board shall prepare and certify an amended abstract showing the votes cast in each precinct for which the recount was conducted." RCW 29A.64.061.

¶21 Ms. Dalton responds if the canvassing board were compelled to conduct a recount as requested by Ms. Zapotocky, the board members could face criminal liability under RCW 29A.84.720, pursuant to RCW 29A.60.200, for failing to issue an amended certification after a recount. She compellingly argues mandamus will not lie to compel an officer to do an unlawful act. *State ex rel. Egbert v. Blumberg*, 46 Wash. 270, 89 P. 708 (1907); *State ex rel. Town of Bothell v. Woody*, 90 Wash. 501, 156 P. 534 (1916); *State ex rel. Godfrey v. Turner*, 113 Wash. 214, 193 P. 715 (1920).

¶22 Considering all, we conclude the statutory scheme does not create a clear, legal duty for Ms. Dalton to recount the votes in the manner requested by Ms. Zapotocky. The canvassing board gave Ms. Zapotocky the opportunity to request a recount in a manner that it would have been obligated, under a clear, legal duty, to perform, but she decided not to make such a request.

¶23 Second, regarding a plain, speedy, and adequate remedy at law, "[w]hether there is a plain, speedy, and adequate remedy in the ordinary course of the law is a question left to the discretion of the court in which the proceeding is instituted." *River Park Square*, 143 Wn.2d at 76 (citing *Hodde*, 40 Wn.2d at 517). Accordingly, we "will not

disturb a decision regarding a plain, speedy, and adequate remedy on review unless the superior court's discretion was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.* (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)). Here, the trial court correctly found chapter 29A.68 RCW was available to Ms. Zapotocky as a remedy. That chapter provides the process for contesting an election. Specifically, the statute provides an elector the opportunity to charge by affidavit "neglect of duty on the part of an election officer." RCW 29A.68.011(5).

¶24 Third, Ms. Zapotocky contends she is a beneficially interested party because she had standing at the time of her recount request as an officer of the Republican Party. She argues she has sufficient interest as a voter. Ms. Dalton cogently responds Ms. Zapotocky did not have standing at the time she filed for the writ of mandate. And, Ms. Zapotocky apparently did not have party support and brought the action as a sole voter. While it is arguable that Ms. Zapotocky is a beneficially interested party, we do not need to address this element further because she has, as discussed above, failed to meet her burden on the other essential elements required for a writ to issue.

¶25 In sum, the trial court properly dismissed Ms. Zapotocky's application for writ of mandate on summary judgment.

¶26 Affirmed.

KULIK, C.J., and KORSMO, J., concur.

Review denied at 174 Wn.2d 1011 (2012).