# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

CALVIN NORMAN ROUSE, JR.,

Appellant.

No. 53531-9-II

UNPUBLISHED OPINION

MAXA, J. – Calvin Rouse appeals a superior court order denying his petition for a writ of mandamus to compel the superior court clerk to correct the judgment and sentence in this case to reflect his true legal name or to schedule a hearing on his motion to correct his name on the judgment and sentence. Rouse filed the petition after (1) the superior court transferred Rouse's motion to correct the judgment and sentence to this court under CrR 7.8, (2) this court rejected the transfer and returned the motion to superior court, and (3) the superior court took no further action on the motion after the transfer was rejected.

We hold that the superior court properly denied the petition for a writ of mandamus because the superior court clerk had no legal duty to correct a judgment and sentence or on its own initiative to schedule a hearing after this court rejected a transfer under CrR 7.8. Therefore, we affirm the superior court's order.

FACTS

In 2003, Rouse pleaded guilty in Pierce County Superior Court to the charge of second degree murder with a deadly weapon enhancement. The case was captioned as "State vs. Calvin Norman Rouse." Clerk's Papers (CP) at 5. Throughout the proceedings, Rouse repeatedly confirmed that his true name was Calvin Rouse. He signed the judgment and sentence with the name Calvin Rouse.

In September 2018, Rouse filed a motion asking the superior court to correct his 2003 judgment and sentence to reflect his legal name, Abdur Rashid Khalif. He attached a 1997 order from a New Jersey court changing his legal name from Calvin Rouse to Abdur Rashid Khalif. The superior court entered an order transferring Rouse's motion to this court for consideration as an untimely personal restraint petition under CrR 7.8(c)(2).

This court rejected the transfer, ruling: "The transferred motion seeks to amend the case caption in his judgment and sentence to Abdur Rashid Khalif. Because this motion is not a CrR 7.8 motion, the transfer is improper." CP at 25. The court returned the matter to the superior court "for further action." CP at 25.

The superior court took no further action. Four months later, Rouse filed a petition for a writ of mandamus. The petition requested that the superior court issue a writ of mandamus to the superior court clerk to require compliance with this court's order by either correcting the caption on his judgment and sentence to reflect his legal name or setting his motion on the court calendar for a factual hearing. Rouse requested that the petition be considered without oral argument. The State filed a response opposing the relief requested. The superior court entered an order denying the petition on the pleadings. Rouse appeals the superior court's order.

ANALYSIS

Initially, Rouse's assignments of error claim that the superior court erred by failing to hold a hearing or to take further action on his motion to correct his name on the judgment and sentence following this court's rejection of the transfer. But his notice of appeal is from the order denying his petition for a writ of mandamus. We generally review only "the decision or parts of the decision designated in the notice of appeal." RAP 2.4(a). Therefore, the only issue before us is whether the superior court erred in denying Rouse's writ of mandamus petition. We hold that the superior court did not err in denying the petition.

A.    LEGAL PRINCIPLES

There are three essential elements for the issuance of a writ of mandamus: "(1) the party subject to the writ has a clear duty to act, (2) the applicant has no plain, speedy, and adequate remedy at law, and (3) the applicant is beneficially interested." *Zapotocky v. Dalton*, 166 Wn. App. 697, 702, 271 P.3d 326 (2012). The applicant has the burden of proving all three elements. *Id.*

The superior court may issue a writ of mandamus "to compel the performance of an act which the law especially enjoins as a duty resulting from an office." RCW 7.16.160.

> A writ of mandamus can only command what the law itself commands. If the law does not require a government official to take a specific action, neither can a writ of mandamus. *See State ex rel. Taylor v. Lawler*, 2 Wn.2d 488, 490, 98 P.2d 658 (1940) ("The jurisdiction given to this court by the state constitution in Art. IV, § 4, to issue writs of mandamus to state officers, does not authorize [us] to assume general control or direction of official acts.").

*Colvin v. Inslee*, 195 Wn.2d 879, 893, 467 P.3d 953 (2020). Mandamus is proper only when the law imposes a duty with such certainty that the official has no discretion or judgment in the performance of the duty. *Id.*

3

> Mandamus, therefore, is an appropriate remedy only "'[w]here the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.' " *Id*. (emphasis omitted) (quoting *State ex rel. Clark v. City of Seattle*, 137 Wash. 455, 461, 242 P. 966 (1926)).

*Id.* (quoting *SEIU Healthcare 775NW v. Gregoire*, 168 Wn.2d 593, 599, 229 P.3d 774 (2010)).

B.       AVAILABILITY OF WRIT OF MANDAMUS

Rouse argued in his petition for a writ of mandamus that RCW 2.32.050 placed a ministerial duty on the superior court clerk to correct his judgment and sentence. RCW 2.32.050 provides a long list of the powers and duties of superior court clerks. Absent from this list is a duty to correct alleged errors in a judgment and sentence. And Rouse provides no other authority for the proposition that a superior court clerk has a duty to correct an alleged error in a judgment and sentence. Therefore, we conclude that a writ of mandamus was not available to compel the superior court clerk to correct Rouse's name on the judgment and sentence.

Rouse also argues that the superior court clerk had a duty to schedule a hearing on his motion to correct his name on the judgment and sentence following this court's rejection of the CrR 7.8 transfer. However, Rouse provides no authority for the proposition that a superior court clerk has a duty on his or her own initiative to schedule a hearing when this court rejects a transfer under CrR 7.8 and directs the superior court to take action on the matter. This court did not expressly direct the superior court to schedule a hearing.

Pierce County Local Rule 7(a)(3) states that motions are scheduled for a hearing when the moving party files a Note for Motion Docket with the clerk. But the record does not reflect that Rouse filed a Note for Motion Docket on his motion to correct the judgment and sentence to reflect his legal name after this court rejected the CrR 7.8 transfer. Therefore, we conclude that a

4

writ of mandamus was not available to compel the superior court clerk to schedule a hearing on Rouse's motion to correct the judgment and sentence.

In addition, Rouse continues to have an adequate remedy. He can obtain a hearing on his motion to correct the judgment and sentence to reflect his legal name by refiling his motion along with a Note for Motion Docket.

## CONCLUSION

We affirm the superior court's denial of Rouse's petition for a writ of mandamus.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

SUTTON, A.C.J.

GLASGOW, J.